UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMARR REED,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>JEREMY BEAN, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 2:22-cv-02156-ART-EJY<br><br>ORDER |

In compliance with the court's prior order (ECF No. 3), petitioner, Jamarr Reed, has paid the filing fee for his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 4. So, the Clerk of Court will be ordered to docket the petition (ECF No. 1-1) and Reed's motion for appointment of counsel (ECF No. 1-2).

In screening the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules"), the court notes that Reed has failed to state his claims with sufficient specificity. *See* Habeas Rule 2(c); *Mayle v. Felix*, 545 U.S. 644, 656 (2005) ("A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to show cause why the writ should not be granted." (internal quotation omitted)). In claiming he was deprived of his constitutional right to effective assistance of counsel, Reed makes various allegations about counsel's failure to prepare for trial, but the allegations are too vague for respondents to be able to formulate a response. He also asks to incorporate all the claims he raised in his state proceedings, but he does not attach any documents including those claims. Consequently, the petition is subject to summary dismissal under Rule 4. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (petitions containing allegations that are vague, conclusory, or palpably incredible are subject to summary

1

1  dismissal). Rather than dismiss, however, the court will give Reed an
2  opportunity to amend his petition. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th
3  Cir. 1971) ("It may be that [the petitioner's] conclusory averments cannot be
4  factually supported, but a petition for writ of habeas corpus should not be
5  dismissed without leave to amend unless it appears that no tenable claim for
6  relief can be pleaded were such leave granted.")

7  Reed has also submitted a motion for appointment of counsel. Whenever
8  the court determines that the interests of justice so require, counsel may
9  be appointed to any financially eligible person who is seeking habeas corpus
10 relief. 18 U.S.C. § 3006A(a)(2)(B). Appointment in the interests of justice is
11 appropriate when the issues are complex and the penalty is severe. *See Chaney*
12 *v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Reed was convicted of multiple
13 counts of kidnapping, sexual assault, and battery and received several life
14 sentences. The Nevada Supreme Court's order affirming his direct appeal
15 suggests his case involves complex claims that would require the assistance of
16 counsel to articulate.[1] Thus, the court will grant Rodriguez's motion for
17 appointment of counsel.

18 **IT IS THEREFORE ORDERED** that the Clerk of Court detach and file
19 Reed's petition for a writ of habeas corpus (ECF 1-1) and motion for
20 appointment of counsel (ECF No. 1-2).

21 **IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada
22 Attorney General, as counsel for respondents and provide respondents an
23 electronic copy of all items previously filed in this case by regenerating the
24 Notice of Electronic Filing to the office of the AG only.

25 **IT IS FURTHER ORDERED** that Reed's motion for appointment of

---

[1] While the order is not included with Reed's petition, the court takes judicial notice of the order available online.
https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=64824

counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Reed.

**IT IS FURTHER ORDERED** that the Clerk **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF Nos. 1-1). The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent Reed in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for Reed in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED THIS 10th day of February, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE